# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Travis Dequincy Croft, | ) |
|     Petitioner, | ) Criminal Action: 6:10-cr-01090-JMC |
| v. | ) **ORDER AND OPINION** |
| United States of America | ) |
|     Respondent. | ) |

This matter is before the court on Petitioner's Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 176.) Petitioner seeks relief from his sentence under *United States v. Johnson*, 135 S. Ct. 2551 (2015). (*See* ECF No. 176-1 at 7.) For the reasons stated below, the court **DENIES** Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 176).

## I.     FACTUAL AND PROCEDURAL BACKGROUND

In 2010, Petitioner was indicted for distribution of crack cocaine, being a felon in possession of a firearm, and using and carrying a firearm in furtherance of a drug trafficking crime. (ECF No. 2.) On February 22, 2011, Petitioner and the Government entered into a plea agreement whereby Petitioner agreed to plead guilty to the charges of distribution of crack cocaine and being a felon in possession of a firearm. (ECF No. 35.) A Presentence Investigation Report ("PSR") was prepared by the U.S. Probation Office. (ECF No. 64.) The PSR determined that Petitioner was an armed career criminal based on two (2) prior convictions for distribution of crack cocaine and one (1) prior conviction for carjacking. (ECF No. 64 at ¶¶ 21, 27, 28, 52). On June 2, 2011, the court sentenced Petitioner to 188 months of incarceration. (ECF No. 82.) Petitioner filed an appeal which resulted in a remand for resentencing in order to allow Petitioner an opportunity to allocute. (ECF Nos. 92, 109, 112.) On October 9, 2012, Petitioner was resentenced (ECF No. 153) and his original

1

sentence did not change (ECF No. 154). Petitioner appealed his sentence, and his sentence was affirmed by the United States Court of Appeals for the Fourth Circuit. (ECF No. 157, 169.)

On January 7, 2016, Petitioner filed a *pro se* Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 176.) The Government responded (ECF No. 185), and Petitioner replied (ECF No. 197). On September 16, 2016, an amended Presentence Investigation Report was filed. (ECF No. 208.)

On February 17, 2016, the Government filed a Motion for Summary Judgment on Petitioner's 28 U.S.C. § 2255 claim. (ECF No. 186.) Petitioner responded in opposition on March 24, 2016. (ECF No. 193.)

## II. LEGAL STANDARD

In order to move for relief under 28 U.S.C. § 2255, Petitioner must plead that he was sentenced "(1) in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that his sentence is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Pursuant to 28 U.S.C. § 2255(f), a petitioner has one year from the time his or her conviction becomes final to file a motion under this section, or one year from "the date on which the right asserted was initially recognized by the United States Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255(f)(1),(3).

Because Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* plaintiff's "inartful pleadings" may be sufficient enough to provide the opportunity to offer supporting evidence.)

## III. ANALYSIS

Petitioner asserts that his sentence is in excess of the maximum authorized by law because he does not fall under the Armed Career Criminal Act ("ACCA") given the Supreme Court's holding in *Johnson*. In *Johnson v. United States*, the United States Supreme Court held that the residual clause of the ACCA was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution. 135 S. Ct. at 2563. The residual clause defines a violent felony as "[crimes that involve] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. §924(e)(2)(B). *Johnson* was decided on June 26, 2015, and presented a new right for defendants sentenced to the mandatory minimum sentence of fifteen (15) years based on the residual clause of the statutory definition of violent felony. In *Welch v. United States*, the Supreme Court held that *Johnson* had a retroactive effect in cases on collateral review. 136 S. Ct. 1257, 1268 (2016).

In *Johnson*, the Supreme Court only ruled as to the ambiguity of the residual clause within the statutory definition of violent felony under 18 U.S.C. § 924(e)(2)(B)(ii). *Johnson*, 135 S. Ct. at 2563. The Supreme Court did not address the statutory definition of "serious drug offense"[1] or call into question any other part of the statutory definition of violent felony. *Id*.

Petitioner's three predicate convictions were two (2) drug offenses and one (1) state carjacking conviction. Petitioner's two prior drug convictions qualify as "serious drug offenses;"[2] however, Petitioner posits that his carjacking conviction does not qualify as a "violent felony."

---

[1] The term "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

[2] Petitioner concedes this in his Motion. (*See* ECF No. 176-1 at 4.)

**A.  South Carolina's Crime of Carjacking Qualifies as a Violent Felony**

The relevant portion of the ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another." [3] 18 US.C. §924(e)(2)(B)(i). The Fourth Circuit has expressed concern about offenses which require nothing more than *de minimis* force satisfying the force clause and held, "'[p]hysical force' for purposes of the force clause does not include the 'slightest offensive touching' that might sustain a misdemeanor battery conviction under some state laws." *United States v. Gardner*, 823 F.3d 793, 803 (4th Cir. 2016). "Instead, 'physical force' within the context of the ACCA means 'violent force—that is, force capable of causing physical pain or injury to another person.'" *Id*.

Carjacking meets the one-year imprisonment requirement because it is punishable by twenty years of incarceration. S.C. Code Ann. §16-3-1075 (2003).

To determine whether carjacking qualifies under the force clause, the court applies the "categorical approach" in which the court only considers the elements of the offense and the fact of conviction. *United States v. Baxter*, 642 F.3d 475, 476 (4th Cir. 2011) (citing *United States v. White*, 571 F.3d 365, 368 (4th Cir.2009)). The court considers only the elements of the state offense not the defendant's conduct.[4] *Id.* The court looks to the "minimum conduct" required for

---

[3] Violent felonies also include "any crime punishable by imprisonment for a term exceeding one year" that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The court will only address whether Petitioner's conviction falls under the force clause because carjacking is not an enumerated crime and the Supreme Court deemed the clause concerning risk of physical injury unconstitutionally vague in *Johnson*.

[4] Courts use the "modified categorical approach" for a narrow set of cases under §924(e)(2)(B)(ii) (the "enumerated clause"). *Descamps v. United States*, 570 U.S. 254 (2013). Because carjacking is not enumerated in § 924(e)(2)(B)(ii), the modified categorical approach is not applicable.

4

conviction. *Gardner*, 823 F.3d at 803 (quoting *Castillo v. Holder*, 776 F.3d 262, 267 (4th Cir. 2015)). However, when considering the minimum conduct, there must be a "realistic probability, not a theoretical possibility," that such conduct would be punished by the state. *Id.* (quoting *Moncrieffe v. Holder*, 590 U.S. 184, 190 (2013)).

The court looks to state courts to define the elements of an offense and identify the minimum conduct necessary for a conviction. *Id.* Conviction for carjacking in South Carolina requires proof that the defendant: "(1) took, or attempted to take, a motor vehicle from another person; (2) by force, violence, or intimidation; (3) while the person was operating the vehicle or while the person was in the vehicle." *State v. Elders*, 688 S.E.2d 857, 862 (2010) (interpreting S.C. Code Ann. § 16-3-1075 (2003)). Carjacking may be accomplished by violence or force or by means of intimidation. *Id.* If either carjacking by means of violence or by means of intimidation fails to satisfy the force clause definition, the crime is not a violent felony. *See Gardner*, 823 F.3d at 803. Carjacking by force or violence involves "force capable of causing physical pain or injury to another person." *Id.* Therefore, carjacking by means of force or violence requires more than *de minimis* force and fulfills the force clause.

The issue is whether carjacking by means of intimidation would fulfill the requirements of the force clause. In *United States v. Doctor*, the Fourth Circuit observed that "[a] review of South Carolina law reveals . . . that intimidation necessarily involves threatened use of physical force." 842 F.3d at 309 (4th Cir. 2016). Robbery and carjacking are separate offenses. *Doctor* addressed intimidation in relation to robbery; however, the observation of the Fourth Circuit in *Doctor* is instructive in this case because both crimes contain intimidation as a potential method to complete the crime. In South Carolina, robbery is defined as the "felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by

5

violence or by putting such person in fear." *State v. Rosemond*, 589 S.E.2d 757, 758 (2003). A defendant can commit robbery by alternative means of violence or intimidation. *Id*. at 758–59. Intimidation requires "an ordinary, reasonable person in the victim's position [to] feel a threat of bodily harm from the perpetrator's acts." *Id*. (citing *United States v. Wagstaff*, 865 F.2d 626 (4th Cir.), *cert. denied*, 491 U.S. 907 (1989)). In *Doctor*, South Carolina's interpretation of intimidation for robbery fulfilled the "physical force" requirement described in *Gardner* and qualified robbery as a predicate offense under the force clause. 842 F.3d at 312.

The elements of South Carolina's crimes of carjacking and robbery are effectively the same. Carjacking simply specifies the goods and property taken from the victim. South Carolina courts' interpretation of intimidation regarding robbery would likely apply in carjacking cases. *Gardner*, 823 F.3d at 803. Therefore, carjacking by means of intimidation satisfies the force clause.

Both carjacking by means of force or violence and carjacking by means of intimidation exceed the physical force threshold in *Gardner*. Thus, the South Carolina crime of carjacking satisfies the force clause, and Petitioner's previous carjacking conviction serves as a predicate offense under the ACCA.

**B.    Timeliness of Petitioner's Motion**

Petitioner seeks relief under *Johnson*, but its holding does not affect Petitioner's sentence. As explained above, Petitioner was sentenced under the ACCA based on two (2) "serious drug offenses" and one (1) violent felony conviction. Because Petitioner was not sentenced under the residual clause at issue in *Johnson*, the Supreme Court's holding in *Johnson* does not change

Petitioner's status. Therefore, Petitioner cannot assert the new right recognized in *Johnson*, ultimately making his motion untimely under 28 U.S.C. § 2255(f).[5]

## IV. CONCLUSION

For the reasons stated above, the court **DENIES** Petitioner's Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 176.) This ruling moots the Government's Motion for Summary Judgment. (ECF No. 186.) Therefore, the court **DENIES AS MOOT** the Government's Motion for Summary Judgment (ECF No. 186).

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable judges would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*,

---

[5] Petitioner's claim cannot fall under the auspices of 28 U.S.C. § 2255(f)(3), thus the one-year time period after *Johnson* in which to file his Motion is not applicable. *See United States v. Brown*, 868 F.3d 297, 304 (4th Cir. 2017) ("[The Fourth Circuit is] compelled to affirm [the untimeliness of the petitioner's motion regarding the residual clause of the mandatory Sentencing Guidelines] because only the Supreme Court can recognize the right which would render Petitioner's motion timely under § 2255(f)(3).") Since Petitioner cannot assert the new right recognized in *Johnson*, Petitioner's claim must be timely under another subsection of 28 U.S.C. § 2255(f). The only other subsection that would be applicable to Petitioner's claim is 28 U.S.C. § 2255(f)(1). However, Petitioner's Motion would be untimely under this subsection because he pled guilty in 2011 and this Motion was filed well beyond the one-year statute of limitations set forth under 28 U.S.C. § 2255(f)(1).

252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has been met.

It is not a settled point of law that the South Carolina carjacking statute satisfies the physical force requirement in *Gardner*, and reasonable jurists could find Petitioner's constitutional claim debatable.

Because the court finds that Petitioner has made a substantial showing of the denial of a constitutional right and that reasonable jurists would find this court's assessment of Petitioner's constitutional claims to be debatable or erroneous, a certificate of appealability is granted as to Petitioner's claim that carjacking is not a violent felony.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 11, 2018
Columbia, South Carolina