**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Travis Dequincy Croft, | ) | Criminal No.: 6:10-cr-01090-JMC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's Motion for Reconsideration (ECF No. 224). Petitioner seeks review of the court's May 11, 2018 Order (ECF No. 215), denying Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (ECF No 176) and denying as moot the Government's Motion for Summary Judgment (ECF No. 186). For the reasons stated herein, the court **DENIES** Petitioner's Motion for Reconsideration.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The court adopts its prior recitation of the facts from its May Order (ECF No. 186 at 1-2). On May 11, 2018, this court determined that Petitioner's prior state carjacking conviction qualified as a "violent felony" under the Armed Career Criminal Act ("ACCA"). (ECF No. 186 at 6.) The court made this determination by applying the "categorical approach" in which the court considered the elements of the offense and the fact of conviction. (ECF No. 186 at 4-6.) The court concluded that both carjacking by means of violence or by means of intimidation fulfilled the requirements of the force clause of the criminal statute. (ECF No. 186 at 6.)

## II.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 59(e), a court may "alter or amend [a] judgment if the movant shows either (1) an intervening change in the controlling law, (2) new

evidence that was not available at trial, or (3) that there has been a clear error of law or manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 412 (4th Cir. 2010) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)).  The moving party has the burden to establish one of these three grounds in order to obtain relief under Rule 59(e).  *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012).  The decision whether to reconsider an order pursuant to Rule 59(e) is within the discretion of the district court.  *See Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995).  Importantly, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted).

In addition, because Petitioner is a *pro se* litigant, the court is required to interpret his documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12-cv-0118-GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012).

### III.    DISCUSSION

In Petitioner's Motion for Reconsideration[1], he urges the court to reconsider its decision to deny his Motion to Vacate his sentence, claiming there has been an intervening change in the controlling law since he filed the Motion on January 11, 2016.  Specifically, Petitioner claims that the United States Supreme Court's decision in *Mathis v. United States* warrants reconsideration of the court's determination in its May 11, 2018 Order.  However, the United States Supreme Court's holding in that case that a prior state criminal conviction will not qualify

---

[1] Under Rule 59(e), a Motion for Reconsideration "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). The prison mailbox rule, established in *Houston v. Lack*, allows a *pro se* litigant's legal papers to be "considered filed 'upon delivery to prison authorities, not receipt by the clerk.'" *United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013); *see also Amerson v. Stevenson*, C/A No: 4:11-cv-03266-DCN, 2012 WL 2856516, at *2 (D.S.C. July 11, 2012). This court entered judgment on May 11, 2018, so Petitioner was required to file his Motion by June 9, 2018. The prison mailbox rule is applicable in this case, and Petitioner delivered his Motion to prison authorities on June 11, 2018. Notwithstanding the fact that Petitioner's Motion was untimely, the court considered his Motion on the merits.

as a predicate "violent felony" under the ACCA if an element of the crime of conviction is broader than an element of the generic offense does not change the law applied in Petitioner's case. *See Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016). In support of his Motion, Petitioner asks this court to adopt the decision of the United States District Court for the Eastern District of Tennessee in *Shropshire v. United States*. In that case, the court applied the holding in *Mathis* and found that Tennessee's carjacking statute was overly broad and prevented the defendant's prior carjacking conviction from qualifying as a "violent felony" under the ACCA. Specifically, the court in *Shropshire* determined that the Tennessee carjacking statute "is overly broad because some conduct covered by the criminal [carjacking] statute does not necessarily require the use of violent physical force." *Shropshire v. United States*, 259 F. Supp. 3d 798, 802 (E.D. Tenn. 2017). The court based this determination on the fact that carjacking by intimidation is "capable of commission without the use, attempted use, or threatened use of force capable of causing physical pain or injury." *Id.* at 805.

However, this court refuses to adopt the *Shropshire* court's determination because it is in direct contradiction to the mandatory law of this jurisdiction established by the United States Court of Appeals for the Fourth Circuit in *United States v. Doctor*. The Fourth Circuit, and this court by extension, has adopted the view of the South Carolina Supreme Court that "to constitute intimidation in South Carolina, a . . . victim must feel a threat of physical force based on the defendant's acts," meaning that "a defendant intimidates a victim by threatening physical force." *United States v. Doctor*, 842 F.3d 306, 309 (4th Cir. 2016). Therefore, the court rejects Petitioner's request and reaffirms its previous determination that Petitioner's previous carjacking conviction serves as a predicate offense under the ACCA.

## IV.    CONCLUSION

After careful consideration of Petitioner's arguments and for the reasons set forth above, the court **DENIES** Petitioner's Motion for Reconsideration. (ECF No. 224.)

**IT IS SO ORDERED.**

_J. Michelle Childs_
United States District Judge

October 15, 2018
Columbia, South Carolina