# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Travis Dequincy Croft, ) | |
| ) | Civil Action No. 6:10-cr-01090-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The matter before the court is Petitioner Travis Dequincy Croft's Motion for Reconsideration. (ECF No. 226.) Petitioner seeks to "reopen his motion to vacate, set aside, or correct because the district court failed to find if Petitioner's South Carolina drug offense satisfies the requirements of a 'controlled substance offense.'" (*Id.* at 1.) For the reasons set forth herein, the court **DENIES** Petitioner's Motion for Reconsideration (ECF No. 226).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 3, 2010, Petitioner was indicted for distribution of crack cocaine, possession of marijuana with intent to distribute, being a felon in possession of a firearm, and using a firearm in furtherance of a drug trafficking crime. (ECF No. 2.) On February 22, 2011, Petitioner pled guilty to distributing crack cocaine and being a felon in possession of a firearm, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). (ECF Nos. 35, 64.) The United States Probation Office prepared a Presentence Investigation Report ("PSR"). (ECF No. 64), which stated that Petitioner was an armed career criminal based on his three (3) prior state convictions for distribution of crack cocaine. (ECF No. 64 at ¶¶ 21, 27, 28, 52.)

On June 2, 2011, the court sentenced Petitioner to one hundred eighty-eight (188) months of imprisonment in the United States Bureau of Prisons. (ECF No. 82.) Petitioner appealed to the

United States Court of Appeals for the Fourth Circuit, which remanded the case to this court for resentencing. (ECF Nos. 92, 109, 112.) On October 9, 2012, the court resentenced Petitioner to one hundred eighty-eight (188) months of imprisonment. (ECF Nos. 153, 154.) Petitioner appealed again to the Fourth Circuit, which affirmed the district court's decision. (ECF Nos. 157, 169.)

On January 7, 2016, Petitioner, proceeding *pro se*, filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 176) asserting that his sentence should not have been enhanced under the Armed Career Offender Provision of the Residual Clause. (ECF No. 176-1.) The Government opposed and claimed that carjacking is a predicate offense under the Armed Career Criminal Act ("ACCA"). (ECF No. 185.) On September 16, 2016, an amended PSR was filed. (ECF No. 208.) On February 17, 2016, the Government filed a Motion for Summary Judgment asserting that the Section 2255 claim was without merit. (ECF No. 186.) On March 24, 2016, Petitioner responded in opposition. (ECF No. 193.) On August 11, 2018, the court denied Petitioner's Motion to Vacate, finding his prior carjacking conviction to be a violent felony. (ECF No. 215.) On June 13, 2018, Petitioner filed a Motion for Reconsideration of his Motion to Vacate (ECF No. 224), which the court denied (ECF No. 225).

Petitioner filed another Motion for Reconsideration, requesting that the court reopen his Motion to Vacate because the court allegedly failed to determine whether his offense under South Carolina law satisfies the requirements of a "controlled substance offense." (ECF No. 226.) The Government filed a response in opposition on January 1, 2019, arguing that Petitioner has forfeited his right to appeal because he did not raise the argument in his previous appeals. (ECF No. 230.)

## II. ANALYSIS

Petitioner asserts that the court must reconsider his motion, pursuant to Fed. R. Civ. P. 60(b). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Stated differently, Rule 60 does not authorize a motion merely for reconsideration of a legal issue. *See United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982). A motion to reconsider "cannot appropriately be granted where the moving party simply seeks to have the [c]ourt rethink what [it] has already thought through . . . ." *United States v. Dickerson*, 971 F. Supp. 1023 (E.D. Va. 1997) (internal quotation marks omitted). Defendant cites to *United States v. Rhodes*, 736 F. App'x 375, 378 (4th Cir. 2018) as authority that prevents him from being subjected to the enhanced sentencing provisions under 18 U.S.C. § 924(e)(1). (ECF No. 226.) However, this is Petitioner's second Section 2255 motion, and successive filings are available only in limited circumstances because "courts must not allow prisoners to circumvent them by attaching labels other than 'successive application' to their pleadings." *United States v. Winestock*, 340 F.3d 200, 203-4 (4th Cir. 2003) (citing *Calderon v. Thompson*, 523 U.S. 538, 553 (1998). Here, Petitioner has failed to request pre-filing authorization from the Fourth Circuit and for relief under Section 2255, and therefore the court lacks jurisdiction.

Here, Petitioner requests that the court rule on his supplemental motion regarding whether his three (3) prior state drug convictions are serious drug convictions under the ACCA. (ECF No. 201.) The record shows that Petitioner did not include any claim regarding his prior drug

3

convictions qualifying as predicate offenses under the ACCA (*Id*), and that the court denied Petitioner's supplemental motion on September 8, 2016. (ECF No. 206.) Petitioner seeks reconsideration of issues that he has appealed, and therefore, the court is without jurisdiction to address his motion.

### III. CONCLUSION

For the reasons stated above, the court **DENIES** Petitioner's Motion for Reconsideration pursuant to Rule 60(b) (ECF No. 226).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 15, 2019
Columbia, South Carolina