IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Criminal Action No.: 6:10-cr-01090-JMC-1 |
| v. | ) | |
| | ) | |
| Travis Dequincy Croft, | ) | **ORDER AND OPINION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Travis Dequincy Croft is a prisoner currently serving a sentence of one hundred and eighty-eight (188) months in the Bureau of Prisons ("BOP"). (ECF No. 82.)

This matter is before the court on Defendant's *pro se* Motions to Reconsider Denial of Compassionate Release (ECF Nos. 261, 263) filed on January 19, 2021, and January 25, 2021, respectively. After reviewing these Motions, pertinent law, and the record, the court **DENIES** Defendant's Motions for Reconsideration. (*Id.*)

## I.     PROCEDURAL AND FACTUAL BACKGROUND

On November 9, 2010, the Grand Jury indicted Defendant for distribution of crack cocaine, possession with the intent to distribute marijuana, possession of a firearm by a felon, and possession of a firearm in furtherance of a drug crime. (ECF No. 2.) On February 22, 2011, Defendant pleaded guilty to the distribution of crack cocaine and felon in possession counts of the Indictment. (ECF Nos. 35, 36.) As a result, the court sentenced him to one hundred and eighty-eight (188) months in the BOP. (ECF No. 82.) To date, Defendant has been incarcerated for over nine (9) years and is scheduled to be released on July 19, 2024. (ECF No. 251 at 14.)

During Defendant's imprisonment, on March 11, 2020, the World Health Organization characterized COVID-19, also known as the new coronavirus, as a pandemic. *WHO*, https://www.who.int/news-room/detail/30-01-2020-statement-on-the-second-meeting-of-the-inte

rnational-health-regulations-(2005)-emergency-committee-regarding-the-outbreak-of-novel-coronavirus-(2019-ncov) (last visited May 7, 2020). Two days later, on March 13, 2020, the President of the United States officially declared a national emergency due to the virus. *Proclamations*, https://trumpwhitehouse.archives.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/ (last visited Apr. 20, 2021).

On June 29, 2020, Defendant filed a Motion to Reduce Sentence under 18 U.S.C. § 3582.[1] (ECF No. 236.) He asserted that the court should grant him compassionate release primarily because he purportedly suffers from hypertension and high cholesterol, which "might place [Defendant] at an increased risk for severe illness from COVID-19." (ECF No. 244 at 2, 15.) Defendant further asserted that he was not a danger to the community, and the factors under 18 § 3553(a) favor his release. (ECF No. 244 at 22–28.) On January 7, 2021, the court denied Defendant's § 3582 Motion because he failed to meet "the high burden of demonstrating 'extraordinary and compelling' reasons that warrant compassionate release." (ECF No. 260 at 5.)

In his Motions for Reconsideration, Defendant requests that the court grant his Motion for Compassionate Release, reduce his sentence to time served, and release him from the BOP to live with his sister. (ECF No. 263 at 4.) Defendant asserts that he is not a risk to the public if released, and he faces serious health problems if he remains incarcerated for the remainder of his sentence due to underlying hypertension, obesity, pre-diabetes, and cholesterol issues. (*See* ECF No. 236 at 1, 3; ECF No. 263 at 1–3.)

---

[1] Motions under th[is] section have been called 'motions for compassionate release.'" *United States v. Pack*, No. 2:17-cr-20002-10, 2020 WL 2174447, at *1 (W.D. Tenn. May 5, 2020) (citation omitted). "'The compassionate release provisions were . . . intended to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *Id.* (citation omitted).

## II.     JURISDICTION

The court has jurisdiction over this matter pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which provides a federal district court sentencing judge with jurisdiction "to consider a defendant's motion for reduction of sentence based on extraordinary and compelling reasons when the defendant has exhausted his administrative remedies." *United States v. Kubinski*, NO. 3:93-CR-28-1H, 2020 WL 2475859, at *2 (E.D.N.C. May 13, 2020).

## III.     LEGAL STANDARD

"The Federal Rules of Criminal Procedure have no provisions governing motions for reconsideration." *United States v. Fuentes-Morales*, No. 5:14-cr-00556, 2017 WL 541052, at *1 (D.S.C. Feb. 10, 2017). "However, the rules and federal case law do recognize such motions can be proper in a criminal setting." *Id.* (citing Fed. R. Crim. P. 57(b) ("A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."); *United States v. Dieter*, 429 U.S. 6, 8 (1976) ("The fact that appeals are now routed to the courts of appeals does not affect the wisdom of giving district courts the opportunity promptly to correct their own alleged errors."); *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (stating that motions to reconsider are proper in a criminal setting)). The court also looks to the Federal Rules of Civil Procedure for guidance. *Id.*

Rule 59 of the Federal Rules of Civil Procedure allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the

3

moving party's burden to establish one of these three grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

## IV.    DISCUSSION

Upon its review, the court observes that Defendant's arguments do not fit neatly into any one of the grounds for relief under Rule 59. However, this failure is negligible because a remedy under Rule 59 is unavailable to Defendant. In this regard, after reviewing the applicable law and arguments presented here, the court finds that Defendant is not entitled to relief from this court.

Specifically, the court stands by the reasoning of its prior Order. (*See* ECF No. 260.) The court's decision to deny Defendant's Motion for Compassionate Release was based on the determination that Defendant's medical conditions did not establish "extraordinary and compelling" reasons for his release. (*Id.*)

In the present Motions for Reconsideration, Defendant still does not demonstrate an extraordinary and compelling reason for early release. In his first Motion for Reconsideration, Defendant alleges that the BOP has placed the facility he is housed in on "extreme lockdown," and he has been unable to contact his court-appointed attorney. (ECF No. 261 at 1.) The court recognizes that the threat of COVID-19 and the confinement are challenging, but neither of these factors affects Defendant's qualifications for release.

In his second Motion for Reconsideration, Defendant alleges that "he requested his court

appointed attorney to file a motion to reconsider and to date has not heard back." (ECF No. 263 at 1.) Defendant further asserts that he is of greater risk for a serious medical condition because he suffers from hypertension, pre-diabetes, high cholesterol, and obesity. (*Id*. at 1-2.) Defendant alleges that these underlying issues may subject him to hospitalization or death. (*Id*. at 2.)

As it mentioned in its original Order, the court understands Defendant's concerns regarding COVID-19. (*See* ECF No. 260 at 5.) That concern is shared by everyone who is currently incarcerated. Moreover, the court considered Defendant's hypertension and determined that it and his other medical ailments were not enough to demonstrate extraordinary and compelling reasons to reduce his sentence. To this point, the court observes that Defendant's arguments fail to persuade that the court's prior decision warrants reconsideration. Therefore, Defendant's Motions for Reconsideration are denied.

## V.    CONCLUSION

For the forgoing reasons, the court hereby **DENIES** Defendant Travis Dequincy Croft's Motions to Reconsider Denial of Compassionate Release (ECF Nos 261, 263).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 28, 2021
Columbia, South Carolina

5