IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | CR/A No. 6:10-cr-01090-DCC-1 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Travis Dequincy Croft ) | |
| ) | |
| _____ ) | |

This matter comes before the Court on Defendant's, Travis Dequincy Croft, Pro Se Second Motion for Compassionate Release seeking reduction of his sentence pursuant to 18 U.S.C. §§ 3582(c)(1)(A)(i), 3624(g), and 3621. ECF No. 274. The Government filed a Response in Opposition. ECF No. 276. Mr. Croft filed a Reply to the Government's Response and a Supplemental Motion in Support. ECF Nos. 278, 284. For the reasons set forth below, the Motion is denied without prejudice.

## **BACKGROUND**

On February 22, 2011, Mr. Croft pled guilty to distribution of cocaine, in violation of 21 U.S.C. § 84(a)(1) and possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). ECF No. 36. On June 27, 2011, he was sentenced to 188 months of imprisonment and five years of supervised release. ECF No. 80. On October 9, 2012, Mr. Croft was re-sentenced to allow Mr. Croft to allocute. ECF No. 153. Mr. Croft filed a Pro Se Motion for Compassionate Release on June 29, 2020, which the Court denied with leave to refile for failure to show extraordinary and compelling reasons to warrant compassionate release. ECF Nos. 236, 260. On March 11, 2022, Mr. Croft filed a Second Pro Se Motion for Compassionate Release. ECF No. 274. On March 15, 2022, the Government filed a Response in Opposition, and on March 24, 2022, Mr. Croft filed a

Reply to the Government's Response. ECF No. 276, 278. On April 27, 2023, Mr. Croft filed a Supplemental Motion to Compassionate Release. ECF No. 284. Accordingly, the Second Motion for Compassionate Release and its supplement are now before the Court.

## APPLICABLE LAW

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) permits modification of a term of imprisonment upon motion of the defendant after exhaustion of the defendant's administrative remedies. If "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission,"[1] the court may reduce a defendant's term of imprisonment and may impose a term of probation or supervised release that does not exceed the unserved portion of the original term of imprisonment. 18 U.S.C. § 3582(c)(1)(A)(i)-(ii). The statute further instructs the court to "consider[] the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." 18 U.S.C. § 3582(c)(2); *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) (noting "a district court may not grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)" without considering the § 3553(a) factors). Therefore, in order to grant compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the district court must (1) find that "extraordinary and compelling reasons" warrant a reduction in the prisoner's sentence, and (2) consider

---

[1] Although U.S.S.G. § 1B1.13(1)(A) is titled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," by its terms it addresses only those requests brought "[u]pon motion of the Director of the Bureau of Prisons." It is therefore inapplicable to compassionate release motions filed by defendants pursuant to § 3582(c)(1)(A)(i). *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) (citing *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020)). Because no applicable sentencing guideline exists, "§ 3582(c)(1)(A)'s consistency requirement does not constrain the discretion of district courts." *Id*.

the applicable § 3553(a) factors in light of the prisoner's extraordinary circumstances. *Kibble*, 992 F.3d at 330, 332.

## DISCUSSION

*Exhaustion*

The First Step Act ("FSA") requires defendants to exhaust their administrative remedies before moving the Court for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). To satisfy the exhaustion requirement, "incarcerated persons must first ask the [Bureau of Prisons ("BOP")] to file a motion for compassionate release on their behalf, and then, either (1) appeal the BOP's failure to bring a motion on their behalf, or (2) allow 30 days to lapse after making the request." *Kibble*, 992 F.3d at 330 n.2.

Here, Mr. Croft attached a letter to his Second Motion for Compassionate Release requesting presumably the Warden to consider him for compassionate release. ECF 274-1 at 1. However, the letter is not dated, and Mr. Croft's Motion does not include any exhibits that indicate the Warden denied his request. In his Motion, Mr. Croft contends that "he sent a request to the Warden at F.C.I. Edgefield for a reduction in sentence on February 9, 2022." ECF No. 274 at 1. Mr. Croft also contends that he never received a response, and 30 days lapsed before he submitted the Motion. *Id.* at 1–2. There is no evidence to the contrary, and the Court accepts Mr. Croft's contentions. Accordingly, the Court finds that Mr. Croft properly exhausted his administrative remedies and continues to the merits of his Motion.

**Extraordinary and Compelling Reasons**

    **a. 18 U.S.C. § 3621**

Mr. Croft requests compassionate release pursuant to 18 U.S.C. § 3621 based on

3

the BOP's alleged abused of discretion in deeming Mr. Croft ineligible for the Residential Drug Abuse Program ("RDAP") because of Mr. Croft's conviction under 18 U.S.C. § 922(g)(1). ECF Nos. 274 at 3–4; 284 at 1. Mr. Croft contends that under 18 U.S.C. § 3621, he is eligible for incentives based on completion of RDAP and that § 3621 does not preclude enrollment in the program based on a § 922(g) conviction. ECF No. 274 at 3–4. As a result, Mr. Croft seeks a six-month reduction in his sentence. *Id.* at 4.

After careful consideration of the record, the arguments of the parties, and the applicable law, the Court finds that no extraordinary or compelling reason exists in this case under 18 U.S.C. § 3621 to warrant a reduction of sentence because the BOP did not abuse its discretion. 18 U.S.C. § 3621(e)(2)(B) states in part that "[t]he period a prisoner convicted of a *nonviolent offense* . . . may be reduced by the Bureau of Prisons." *Id.* (emphasis added). "[T]he BOP in its discretionary authority established criteria for determining eligibility for early release." *Carter v. Hendrix*, C.A. No. 5:18-cv-27, 2018 WL 6981244, at *5 (N.D.W. Va. Nov. 1, 2018) *report and recommendation adopted by* 2019 WL 138169 (N.D.W. Va. Jan. 8, 2019). Under 28 C.F.R. § 550.55, certain inmates are ineligible for early release including those inmates with "a current felony conviction for . . . [a]n offense that involved the carrying, possession, or use of a firearm or other dangerous weapon." 28 C.F.R. § 550.55(b)(5). As a result, "28 C.F.R. § 550.55 precludes an inmate convicted of being a felon in possession of a firearm from receiving early release consideration pursuant to 18 U.S.C. § 3621(e)(2)(B)." *Carter*, 2019 WL 138169, at *3. Accordingly, Mr. Croft's Motions pursuant to 18 U.S.C. § 3621 are denied.

### b. 18 U.S.C. 3624(g)

In Mr. Croft's Second Motion for Compassionate Release, he requests

compassionate release pursuant to 18 U.S.C. § 3624(g) based on his inability to earn enough FSA Time Credits because of the BOP's alleged failure to provide enough recidivism reduction programs and because of Mr. Croft's alleged exemplary conduct during incarceration. ECF No. 274 at 6. Mr. Croft argues that he qualified for Time Credits because he has accrued 560 hours, or 70 days' worth, of Time Credits and has a recidivism risk of medium. ECF Nos. 274 at 5; 284 at 1. As a result, Mr. Croft seeks a 12-month reduction in his sentence. ECF No. 274 at 6. In Mr. Croft's Supplemental Motion, he requests compassionate release pursuant to 18 U.S.C. § 3624(g) based on the fact that he is currently eligible for Time Credits and has a recidivism risk of low. ECF No. 284 at 2. Mr. Croft contends that the BOP prevents him from earning Time Credits because BOP Policy results in it taking at least one year before Time Credits are applied to his sentence. *Id.*

After careful consideration of the record, the arguments of the parties, and the applicable law, the Court finds that Mr. Croft's Second Motion for Compassionate Release and Supplemental Motion seeking a sentence reduction based on Time Credits allegedly earned are not the appropriate mechanisms through which to address the computation of a federal sentence. *See Patel v. Warden*, C.A. 8:22-cv-2027-RMG, 2022 WL 3030738, at *1 (D.S.C. Aug. 1, 2022) (stating that "a petition for habeas corpus under § 2241 is generally the proper method to challenge the computation or execution of a federal sentence"). In addition, the BOP is responsible for computing an inmate's sentence, and courts "may not usurp the [BOP's] authority." *Melendez v. Wolfe*, 2022 WL 1817757, at *8 (N.D.W. Va. May 4, 2022) *report and recommendation adopted by* 2022 WL 1811384

5

(N.D.W. Va. June 2, 2022) (citing *United States v. Wilson*, 503 U.S. 329, 334–35 (1992)). Accordingly, Mr. Croft's Motions pursuant to 18 U.S.C. § 3624(g) are denied.

### c.  18 U.S.C. § 3582(c)(1)(A)(i)

Mr. Croft requests compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on extraordinary and compelling reasons that relate to the BOP's alleged abuse of discretion in determining Mr. Croft to be ineligible for a sentence reduction based on completing RDAP and in applying Time Credits.  ECF No. 274 at 1–6.

The Government contends that Mr. Croft has not demonstrated extraordinary and compelling reasons that would warrant his release from federal custody.  ECF No. 276 at 9.  Specifically, the Government contends that Mr. Croft has failed to put forth any basis for a sentence reduction based on medical condition.  *Id.*  The Government contends that Mr. Croft has not presented evidence that he suffers from a medical condition that would make him more susceptible to COVID-19 nor evidence that he suffers from a medical condition directly related to COVID-19.  *Id.* at 10.

After careful consideration of the record, the arguments of the parties, and the applicable law, the Court finds that no extraordinary or compelling reason exists in this case to warrant a reduction of sentence.  The United States Sentencing Guidelines acknowledge that extraordinary and compelling reasons may exist with respect to a defendant's (1) medical condition, (2) age, (3) family circumstances, and (4) other reasons. U.S.S.G. § 1B1.13 cmt. n.1(A)-(D).  "[A]lthough the court is not bound by § 1B1.13 or the commentary thereto, the court views the commentary as informative of its analysis as to what reasons may be sufficiently extraordinary and compelling to merit compassionate release." *United States v. Labra*, 2021 WL 3376828, at *6 (E.D. Tex. Aug.

6

2, 2021) (citing *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021)); *see United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021) (quoting *McCoy*, 981 F.3d at 282 n.7) (noting that U.S.S.G. § 1B1.13 "remains helpful guidance even when motions are filed by defendants")). §1B1.13 states that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." U.S.S.G. §1B1.13 cmt. n.3.

Here, Mr. Croft fails to demonstrate an extraordinary and compelling reason that would warrant his release. As stated above, the BOP is within its discretion in refusing to provide a sentence reduction based on RDAP completion given Mr. Croft's § 922(g) conviction, and that a habeas petition under § 2241, not compassionate release, is the proper way to challenge the computation of a sentence, i.e., a reduction in sentence based on Time Credits. In addition, under §1B1.13, the BOP's failure to reduce a sentence either based on a defendant's completion of RDAP or accumulation of Time Credits, is not an extraordinary or compelling reason. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)-(D).

While Mr. Croft acknowledged the effect of the COVID-19 pandemic on the availability of programs through which inmates can obtain Time Credits, Mr. Croft did not articulate that he suffers from a medical condition that makes him more susceptible to COVID-19 or a medical condition resulting from contracting COVID-19. *See* U.S.S.G. cmt. n.1(A)(ii)(I) (defining medical condition as an extraordinary and compelling reason in part as "suffering from a serious physical or medical condition"). To the extent Mr. Croft argues that COVID-19's effect on the availability of qualifying programs is in itself an extraordinary and compelling reason for relief, the Court disagrees. Any number of things may affect the availability of particular programs in particular BOP facilities from time to

7

time; such variations are neither extraordinary nor compelling reasons for compassionate release. Accordingly, Mr. Croft's Motions pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) are denied.

### d.  18 U.S.C. § 3553(a) Factors

In regard to the § 3553(a) factors, Mr. Croft argues that, considering his criminal history and personal characteristics, he is not a danger to the community. ECF No. 274 at 6–7. Mr. Croft argues that he has a disciplinary record while incarcerated with no infractions and has also completed several courses. *Id.* In addition, Mr. Croft works as a commissary worker, which required a background check. *Id.* at 7.

The Government contends that Mr. Croft is a danger to the community. ECF No. 276 at 11. The Government points to the fact that Mr. Croft is currently serving a 188-month sentence as the result of his convictions for distribution of cocaine and being a felon in possession of a firearm during a drug trafficking crime. *Id.* The Government also contends that Mr. Croft is classified as a Career Offender ("CO") and Armed Career Criminal ("ACC") based on his criminal history. *Id.* According to the Government's Response, Mr. Croft was convicted of nine crimes between 1998 through 2003, including convictions for distribution of crack cocaine near a school twice in 1998, carjacking in 2003, and distribution of crack cocaine in 2004. *Id.* However, Mr. Croft argues that his conviction for distribution of crack cocaine within one-half mile of a school under S.C. Code Ann. § 44-53-445 is not a valid reason to enhance his sentence under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). ECF No. 278 at 3–4 (citing *United States v. Hope*, 28 F. 4th 487, 508 (4th Cir. 2022)).

Here, the Court finds that the factors enumerated in 18 U.S.C. § 3553(a) weigh against Mr. Croft's early release.[2] Despite Mr. Croft's efforts in completing courses and maintaining a disciplinary record without violations, Mr. Croft is a danger to the community given his multiple convictions for drug-related offenses.[3] At the time of sentencing, Mr. Croft's total offense level was 31 with a criminal history category of VI. ECF No. 208 at 15. In addition, the offenses for which Mr. Croft is presently incarcerated are serious in nature. *See* 18 U.S.C. § 3553(a)(1) (directing the court to consider "the history and characteristics of the defendant"); *id.* § 3553(a)(2)(A) (addressing the need for the sentence "to reflect the seriousness of the offense"). While the Court commends Mr. Croft for his educational and program accomplishments while incarcerated, the Court nevertheless finds that early release in this case would create unwarranted sentence disparities among similar defendants. *See* 18 U.S.C. § 3553(a)(6). Accordingly, the Court finds that the § 3553(a) factors weigh against granting relief.

## **CONCLUSION**

---

[2] While it is necessary to first find that a sentence reduction is warranted by extraordinary and compelling circumstances in order to find the defendant eligible for such reduction, which, as the Court explained above, are not present here, the Court will nevertheless address the factors under § 3553(a) out of an abundance of caution. *See High*, 997 F.3d at 186 ("[A] court may find a defendant who filed a motion eligible for a sentence reduction after finding only that such a reduction is warranted by extraordinary and compelling reasons, which are not statutorily detailed."); *see, e.g., United States v. Teryaeva-Reed*, No. 20-7655, 2022 WL 822167, at *2 (4th Cir. Mar. 18, 2022) (vacating and remanding the district court's order for a more complete explanation for the denial of defendant's motion for compassionate release, where the court did not explain whether it would have denied the motion based on the § 3553(a) factors).

[3] The Court does not address whether a conviction for distribution of crack cocaine within one-half mile of a school under S.C. Code Ann. § 44-53-445 is a valid reason to enhance a defendant's sentence under 18 U.S.C. § 924(e) given that Mr. Croft's multiple drug-related convictions weigh against early release in any event.

For the reasons set forth above, Defendant's Pro Se Second Motion for Compassionate Release [274] and Supplemental Motion in Support [284] are **DENIED WITHOUT PREJUDICE**. Mr. Croft is free to file a renewed motion in the event of a material change in circumstances warranting a reduction of his sentence.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

October 4, 2023
Spartanburg, South Carolina